IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS K. ROGERS,
    Petitioner,

vs.                                               Case No. 3:10cv463/LAC/EMT

EDWIN BUSS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

      Petitioner, an inmate of the Wakulla Correctional Institution Annex, initiated this action on November 2, 2010, by filing a petition for writ of habeas corpus (Doc. 1). Petitioner filed an amended petition on December 2, 2010, pursuant to 28 U.S.C. § 2254, in which he challenges his convictions in the Circuit Court in and for Escambia County, Florida, for driving under the influence, violation of probation, and escape (Doc. 11 at 1). As relief, Petitioner seeks reversal of his convictions (*id.* at 6). The undersigned directed service of the amended petition on Respondent (Doc. 17). Respondent's answer is due June 6, 2011 (*see* Doc. 24).

      This cause is now before the court on Petitioner's motion for temporary injunction (Doc. 22). Petitioner states a probation violation detainer/warrant was lodged against him by authorities in Laurens County, Georgia (*id.* at 1–2). He asserts the detainer was lodged against him in retaliation for filing a post-conviction challenge to his probationary sentence imposed by a Georgia court, as evidenced by the fact that the detainer was lodged two (2) days after he filed the post-conviction motion (*id.* at 2–3). Petitioner states he signed a waiver of extradition form on April 22, 2011, but now wishes to withdraw it and assert his rights under the IADA (Interstate Agreement on Detainers Act) (*id.* at 1–5). Petitioner states he will be released from prison in Florida on May 10, 2011, and he wishes to be brought before the Circuit Court in and for Wakulla County, Florida, to challenge the Georgia detainer and his extradition (*id.*). Petitioner states he has a habeas action pending in the

Wakulla County court challenging the Georgia detainer, and he filed a copy of the instant motion in that court as well (*id.* at 1, 4). Petitioner asserts his transfer to Georgia would violate his due process and equal protection rights because it would affect his ability to litigate the instant federal habeas action (*id.* at 2).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. *See* Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)); Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971).[1] The district court must exercise its discretion in the light of whether:

1. There is a substantial likelihood that Petitioner will prevail on the merits;

2. There exists a substantial threat that Petitioner will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Petitioner outweighs the threatened harm the injunction will do to Defendants; and

4. The granting of the preliminary injunction will not disturb the public interest.

CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Johnson v. United States Department of Agriculture, 734 F.2d 774 (11th Cir. 1984); Canal Authority of State of Florida v. Callaway, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Service v. Bethesda Memorial Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, 887 F.2d 1535, 1537 (11th Cir. 1989); United States v. State of Alabama, 791

---

[1] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Case No: 3:10cv463/LAC/EMT

F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint or petition. *See* Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842–43 (11th Cir. 1995).

In the instant case, Petitioner has not clearly established his burden of persuasion as to the four requirements for injunctive relief. In the underlying habeas action, Petitioner seeks reversal of his Florida convictions; however, in the instant motion he seeks to withdraw his waiver of extradition on a seemingly unrelated probation violation detainer filed by Georgia authorities for allegedly violating a probationary sentence imposed by the Georgia courts. Thus, the relief sought in the instant motion is not closely related to the constitutional challenges to his Florida convictions asserted in his § 2254 petition. *See* Devose, 42 F.3d at 471; Penn, 528 F.2d at 1185.

Additionally, Petitioner has failed to show that his extradition to Georgia will affect his ability to litigate the instant habeas case. So long as Petitioner keeps this court and Respondent informed of any changes of his address, he will receive a copy of all filings in this case, including orders issued by the court. If Petitioner is ordered to act in this case and is unable, due to his transfer, to meet a court-imposed deadline, he may simply file a motion for extension of time. Therefore, Petitioner has not shown that his extradition implicates due process or equal protection concerns or otherwise will affect his ability to litigate this case.

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's motion for temporary injunction (Doc. 22) be **DENIED**.

At Pensacola, Florida, this 4th day of May 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**